UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COUNTRY WALK COMMUNITY
DEVELOPMENT DISTRICT, a local
unit of special purpose government,
f/k/a the Meadow Woods Community
Development District,

       Plaintiff,

v.                                      Case No.  8:10-cv-1855-T-24 TGW

COUNTRY WALK SALES, LLC, ET AL.,

       Defendants.
_____/

## ORDER

       This cause comes before the Court on the FDIC's Motion to Substitute Party Defendant. (Doc. No. 12).  Plaintiff opposes the motion (Doc. No. 15), and the FDIC has filed a reply brief (Doc. No. 17).

       Plaintiff filed this lawsuit in order to foreclose on its lien for special assessments imposed on certain property.  The FDIC is one of the defendants in this case who is alleged to have an interest in the property due to a recorded mortgage and security agreement.

       In its motion, the FDIC argues that because it sold the mortgage at issue in this case to AmT CADC Venture, LLC ("ACV"), ACV is the real party in interest and should be substituted as a party defendant in place of the FDIC.  Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

       Plaintiff filed a response in opposition to the motion to substitute, arguing that while an

assignment of the mortgage at issue is recorded in the public records, it is not clear that the person that executed the assignment, Vanessa Orta, had the authority to do so. Based on this opposition, the Court directed the FDIC to file a reply brief.

In its reply, the FDIC submitted the affidavit of Maureen Connaughton, who is the General Counsel for Milestone Asset Recovery Company, LLC, which is the Attorney-in-Fact for PMO Loan Acquisition Venture, LLC, which is the managing member of ACV. In the affidavit, Connaughton states that the FDIC sold its interest in loan assets secured by the mortgage at issue in this case to ACV as of July 21, 2010. (Doc. No. 17). Based on this affidavit, the Court finds that it has been shown that the FDIC's interest in the property at issue in this case has been transferred to ACV, and as such, ACV should be substituted as a defendant in place of the FDIC.

Accordingly, it is ORDERED AND ADJUDGED that the FDIC's Motion to Substitute Party Defendant (Doc. No. 12) is **GRANTED**, and the Clerk is directed to substitute AmT CADC Venture, LLC, by and through Milestone Asset Recovery Company, LLC, in its capacity of Special Servicer, as a defendant in place of the FDIC.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of October, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record